IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | : |
| | : |
| Plaintiff, | : Case No. 2:21-cv-1135 |
| | : |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| | : |
| ANNETTE CHAMBERS SMITH, | : |
| *et al.*, | : Magistrate Judge Gentry |
| | : |
| Defendants. | : |

## **OPINION & ORDER**

This matter comes before the Court on Plaintiff's Objections (ECF No. 28) to the Magistrate Judge's Report and Recommendation (ECF No. 26). For the reasons set forth below, Plaintiff's Objections are **OVERRULED** (ECF No. 28); and the Report is **ADOPTED**. (ECF No. 26).

### I. BACKGROUND

#### A. Facts

Plaintiff, proceeding pro se, is a prisoner incarcerated at North Central Correctional Complex ("NCCC"). He asserts a several theories of harm under 42 U.S.C. § 1983 against the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith, as well as members of the Ohio Adult Parole Authority and others. (ECF No. 1). Plaintiff is currently serving a prison sentence for murder by felonious assault. (ECF No. 26).

While on parole in 1992 following a murder conviction, Plaintiff was convicted of felonious assault. For his latter crime, he was sentenced to eleven to fifteen years, which was then aggregated with his sentence for murder. (ECF No. 1 at 21). Since his parole was revoked in

1992, Plaintiff has been denied parole sixteen times. (*Id*. at 15). Plaintiff alleges he has been denied parole because of racist guidelines and as retaliation against him for suing the parole board. (*Id* at 13.).

### B.  Procedural

Plaintiff filed a verified complaint on March 15, 2021. (ECF No. 1). Defendants filed their Motion to Dismiss (ECF No. 10) on June 03, 2021, and Plaintiff filed his Response. (ECF No. 18). Magistrate Judge Jolson issued a Report and Recommendation on September 2, 2021, granting in part and denying in part Defendant's Motion to Dismiss. (ECF No. 26). Plaintiff objected to the Magistrate's Report and Recommendation (ECF No. 28). There, although not clearly, he objects to the Magistrate Judge's recommendation of dismissal regarding the following claims: (i) due process; (ii) retaliation; (iii) equal protection. (*Id.* at 1, 3, 7). Additionally, Plaintiff objects to the dismissal of claims against Defendant Bedra. (*Id.* at 11). This matter is now ripe for review.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), a magistrate judge considering a prison petition challenging the conditions of confinement must conduct relevant proceedings and provide a recommended disposition to the district judge. A party may file an objection to a magistrate judge's report and recommendations, which is reviewed *de novo* by the district judge. Fed. R. Civ. P. 72(b)(3). Upon this review, the district judge determines whether to "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id*. When a pleader fails to raise specific issues, the court will consider this a general objection to the magistrate judge's report and will not recognize it. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). Objections that quote language from the report and

highlight issues with specificity surpass this 'general' threshold. *Id.* at 994. Litigants proceeding pro se, however, will be held to a lower standard that permits their pleadings to be "liberally construed." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   LAW & ANALYSIS

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation fall into two categories: (i) the Magistrate Judge erroneously failed to consider certain aspects of the Complaint; and (ii) the Magistrate Judge reached the wrong conclusions of law. Specifically, Plaintiff challenges the recommended dismissal for his due process, retaliation, and equal protection claims. Additionally, Plaintiff argues that he should be excused for his insufficient service upon Defendant Bedra.

Plaintiff also devotes significant portions of his briefing to what appears to be a wholly distinct claim: namely, the Department of Rehabilitation and Corrections illegally extended his sentence when he was committed to their custody and the Parole Board uses that error as a basis to deny his parole. Because this is raised for the first time in Plaintiff's opposition, it is not properly before the Court. As such, the Court will not consider it when analyzing Plaintiff's other objections.[1] Defendants did not file a Response in Opposition to Plaintiff's Objections. The Court will consider these arguments in turn.

#### A. Failure to Consider Exhibits to the Complaint

Plaintiff begins by asserting that the Magistrate Judge failed to consider the exhibits he attached to his Complaint. (ECF No. 28 at 1). Plaintiff asserts this as a stand-alone objection. That is, the failure to consider was in itself error and Plaintiff argues that this failure led to the Magistrate

---

[1] That said, if Plaintiff is seeking to amend his Complaint, he may file a motion seeking to amend.

3

Judge reaching the conclusion that Plaintiff's alleged facts were "vague and conclusory." (*Id.* at 4.).

As a threshold matter, generally, "[a] district court is not permitted to consider matters beyond the complaint" when ruling on a Motion to Dismiss. *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (citing *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008)). Indeed, "[t]o do so would convert the motion to dismiss into a motion for summary judgment." *Id.* (citing *Winget*, 537 F.3d at 576); *see also Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781–82 (S.D. Ohio 2009) (citing Fed. R. Civ. P. 12(d)). Yet, "[e]xceptions to this rule … do exist." *Id.* at 782. The Sixth Circuit instructs that when considering a motion to dismiss, this Court "***may*** consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.'" *Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 863 (6th Cir. 2020) (quoting *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016)) (emphasis added). Thus, this Circuit's case law has created a permissive exception to the general rule against consideration of matters outside of the pleadings.

Accordingly, the Magistrate Judge faced a decision when faced with Plaintiff's Complaint with numerous exhibits: (1) whether to consider Plaintiff's exhibits at all; and (2) if considering, whether those items were "referred to in the Complaint and are central to the claim contained herein."[2] Here, the Magistrate Judge, well within her discretion, chose not to consider these items at all. Yet, had she considered them, she would have found arguably no reference to the documents

---

[2] Consideration without a determination that the items were referred to and central to the claims would convert Defendants' Motion to Dismiss into a Motion for Summary Judgment.

within the Complaint and even assuming the documents were referenced, they were not otherwise central to Plaintiff's claims *as pleaded*.

Therefore, this objection is **OVERRULED**.

### B. Failure to Consider Certain Claims & Specificity of Assertions

Plaintiff further objects to the Magistrate Judge's decision regarding due process, equal protection, and retaliation claims. (ECF No. 28 at 2–3, 7). This Court considers each objection in turn.

#### 1. Due Process Violations

##### a. 1992 Parole Revocation

Plaintiff appears to reassert his due process arguments, but absent much specificity. (*See e.g.,* ECF No. 28 at 1, 4–5, 8, 10, 12). The Court construes these objections as challenging the Magistrate Judge's conclusions on these issues.

To the extent that Plaintiff is again arguing that his due process rights were violated when he was denied a parole revocation hearing in 1992, (ECF No. 28 at 2), this Court agrees with the Magistrate Judge's decision that the Plaintiff's parole revocation argument is time-barred. As accurately set forth in the Report and Recommendation, claims asserted under § 1983 are subject to a two-year limit. *See Browning v. Pendleton,* 869 F. 2d 989, 990 (6th Cir. 1989). The relevant time period begins to accrue when the plaintiff knew or should have known of the injury underlying his claims. *See Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 992 (S.D. Ohio 2020). Accordingly, Plaintiff was put on notice of his injury when he "refused to sign [a] waiver form" concerning his 1992 parole revocation hearing." *Solis*, 459 F. Supp. 3d at 992.

Therefore, Plaintiff's substantive and procedural due process claims concerning his 1992 parole revocation are **DISMISSED**.

### b. Ongoing Parole Denials

As with his earlier denials, Plaintiff is simply reasserting his original argument concluding that the Magistrate Judge drew the wrong legal conclusion. *See e.g.,* ECF No. 28 at 1, 4–5, 8, 10, 12). The Court here considers elements of his retaliation claim within his due process allegation.

The Sixth Circuit has held that to state a due process claim, Plaintiff "must allege that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). Similar to the plaintiff in *Wershe*, Plaintiff here fails to "identify an affected property interest." *Id.* Furthermore, where a state's parole system does not create a "legitimate claim of entitlement to parole," there is "no liberty interest." *Id.* (citing *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). First, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Richard v. Mohr*, No. 2:13-CV-1013, 2014 WL 868242, at *2 (S.D. Ohio Mar. 5, 2014), aff'd (Jan. 23, 2015) (citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)). Second, in Ohio, there is "no entitlement to parole; whether such should be granted is left to the discretion of the Parole Authority." *Buhrman v. Wilkinson*, 257 F. Supp. 2d 1110, 1121 (S.D. Ohio 2003), supplemented, No. 3:01 CV 359, 2004 WL 2044055 (S.D. Ohio Jan. 22, 2004), report and recommendation adopted, No. 3:01 CV 359, 2004 WL 2044056 (S.D. Ohio Mar. 2, 2004 (citing Ohio Rev.Code § 2967.03 and *State ex rel. Blake v. Shoemaker*, 4 Ohio St.3d 42, 446 N.E.2d 169, 170 (1983)). As such, Plaintiff's due process claims presumptively fail for lack of a liberty interest. *See Wershe*, 763 F.3d at 506.

The Sixth Circuit has established that, "in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—*could* constitute a due-process violation." *Jergens v. Ohio Dep't of Rehab. &Corr. Adult Parole Auth.,* 492 F. App'x

567, 570 n.5 (6th Cir. 2012) (emphasis added). Even if Plaintiff could show that the parole board relied on impermissible factors—such as retaliation—this attack is barred by *Heck v. Humphrey* (1994).

As for any claims not barred by the statute of limitations, as articulated by the Magistrate Judge, they are barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994).

> In *Heck,* the Supreme Court held that 'in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' a plaintiff proceeding under §1983 must 'prove that the conviction or sentence that has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus'.

*Whipple v. Tenn. Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, at *3 (6th Cir. Jan. 3, 2019) (quoting *Heck*, 512 U.S. 468-87). As the Sixth Circuit has held, "*Heck* bars an action 'that calls into question the fact or duration of parole.'" *Id.* at *3 (alteration omitted) (quoting *Noel v. Grzesiak,* 96 F. App'x 353, 354 (6th Cir. 2004) (internal quotations omitted)).

Because Plaintiff's allegation by its very nature asserts that the parole board's decision is invalid, however, it is barred by *Heck*. *See id.* (citing *Noel*, 96 F. App'x 353 at 354). Rather than address this case law in his objections, Plaintiff urges this Court that he has been retaliated against. (*See e.g.,* ECF No. 28 at 4, 11). This, though, does not meet the rule in *Heck*. Since he does not allege or provide that his "sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim fails and is **DISMISSED**.

2. *Equal Protection*

Plaintiff contends that he was denied equal protection of the law because he was improperly denied parole based on race. (ECF No. 28 at 7). As articulated by the Magistrate Judge,

"Plaintiff's equal protection claims are cognizable only if they are timely." (ECF No. 26 at 9). Here, Plaintiff asserts that his equal protection claims are brought pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 at 2, 5). As stated previously, his claims are subject to its two-year statute of limitations. *See Hollis v. Erdos*, No. 1:19-CV-436, 2020 WL 2395567 (S.D. Ohio May 12, 2020) (§ 1983 statute of limitations is two years); *see* 42 U.S.C. § 1983. Accordingly, any allegations made by Plaintiff that concerns conduct before 2019 are time-barred and are **DISMISSED**.

Plaintiff's timely claims also fail. To state an equal protection claim under § 1983, a plaintiff "must allege that a state actor intentionally discriminated against [him] because of his membership in a protected class." *Coleman v. Martin*, 363 F. Supp. 2d 894, 902 (E.D. Mich. 2005); *Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003). Alternatively, he must show "that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 939–40 (M.D. Tenn. 2012) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)).

Plaintiff objects by attempting to retroactively incorporate information from his exhibits into his Complaint. (ECF No. 28 at 7). Neither the Magistrate Judge nor this Court is required to consider such information. This being the primary thrust of this objection, this Court rejects Plaintiff's insistence to consider this information, and narrows its focus on just the Complaint.

In reviewing the Complaint, the Court must consider Plaintiff's allegations it in the light most favorable to Plaintiff and accept all well pleaded factual allegations as true. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, a complaint that consists of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations.).

While Plaintiff alleges that he was mistreated because of his race and asserts that he was subjected to worse treatment than similarly situated individuals, Plaintiff's conclusory allegations do not provide enough specificity to support his claim. (*See e.g.,* ECF No. 1 at 5). He makes a number of wide-ranging allegations that do little more than rehash his contention that he was subjected to discrimination as a general matter. (*See id.* at 14). Because Plaintiff has not offered any allegations that corroborate his assertions of discrimination or other factual content to support his advanced conclusions, his claim fails. Accordingly, Plaintiff's equal protection claims arising from parole denials occurring within the last two years are **DISMISSED**.

### 3. Retaliation

As analyzed above under the ongoing parole denials heading, Plaintiff's retaliation claim does not overcome the *Heck* doctrine and is **DISMISSED**.

### C. Insufficiency of Process

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the claims against Defendant Bedra be dismissed for lack of service. (ECF No. 28 at 11). In the Report and Recommendation, the Magistrate Judge explains clearly that the initial documents served to Defendant Bedra were accepted by another party in error. (*See* ECF No. 26 at 16). Following this notification, the Magistrate Judge Ordered Plaintiff "to file a notice or letter … containing Defendant Bedra's correct address within twenty-one days." (*See id.*) (quoting ECF No. 19). The Magistrate Judge warned Plaintiff that should he fail to comply, "the Court will recommend

dismissing Plaintiff's claims against Defendant Bedra for failure to prosecute." (ECF No. 19 at 1).

In his objections, Plaintiff completely ignores the Magistrate Judge's admonition and asserts that he originally had Defendant Bedra served. (ECF No. 28 at 11). This does not address any of what the Magistrate Judge said or previously Ordered. Accordingly, this Objection is **OVERRULED** and the claims against Defendant Bedra are **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Magistrate Judge's September 2, 2021 Report and Recommendation. (ECF No. 26). Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** (ECF No. 28). The following claims are **DISMISSED**: Plaintiff's claims against Defendants in their official capacity; all due process claims; all equal protection claims; all retaliation claims; all claims against Defendant Bedra; and his *ex post facto* claims relating to changed parole guidelines.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: March 31, 2022**