IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID HALL,** : | |
| : | **Case No. 2:21-cv-1135** |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Sharon L. Ovington** |
| **ANNETTE CHAMBERS-SMITH,** : | |
| **ET AL,** : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter is before the Court on Plaintiff David Hall's Motion for A New Report and Recommendation (ECF No. 33) and Motion to Remove Counsel (ECF No. 34). For the reasons stated more fully below, this Court **DENIES** both of Plaintiff's Motions (ECF Nos. 33, 34).

Plaintiff proceeding *pro se*, is a prisoner incarcerated at North Central Correctional Complex ("NCCC"). Plaintiff filed his Complaint on March 15, 2021 (ECF No. 1). Defendants filed their Motion to Dismiss (ECF No. 10), and Magistrate Judge Jolson issued a Report and Recommendation, granting in part and denying in part Defendant's Motion to Dismiss. (ECF No. 26). Plaintiff objected to the Magistrate Judge's Report and Recommendation (ECF No. 28), and the Court overruled Plaintiff's Objections (ECF No. 37).

Before this Court ruled on Plaintiff's Objections, Plaintiff filed two motions. (ECF Nos. 33, 34).  First, Plaintiff appears to be requesting a new Report and Recommendation.  (ECF No. 33). Next, Plaintiff filed a Motion to Remove Counsel (ECF No. 34). Though not clearly, Plaintiff argued three bases as grounds for removing counsel for Defendants: (1) Defendants used false and misleading information; (2) Defendants mischaracterized the facts of the case; and (3) Defendants

improperly increased Plaintiff's sentence post-conviction. (*Id.* at 1–2). Defendants timely filed a Response in Opposition. (ECF No. 35). This matter is now ripe for review.

A district court does not possess unfettered discretion to disqualify counsel. *Kitchen v. Aristech Chemical*, 769 F. Supp 254, 255 (S. D. Ohio 1991). Generally, Courts can only disqualify counsel on the basis of conflict of interest. *Wellman v. Supreme Ct. of Ohio*, No. 2:17-CV-291, 2018 WL 1315016, at *2 (S.D. Ohio Mar. 14, 2018). When confronted with a motion to disqualify, "courts must be sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of its choice." *Manning v. Waring, Cox, James, Sklar & Allen,* 849 F.2d 222, 224 (6th Cir. 1988). Resolving these competing interests requires the court to balance the interest of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. *General Mill Supply Co. v. SCA Servs., Inc.,* 697 F.2d 704, 715 (6th Cir. 1982).

While the pleadings of pro se litigants are held to less stringent standards than pleadings drafted by lawyers, *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2 (S.D. Ohio Sept. 1, 2015) (Marbley, J.), a plaintiff's status as a pro se litigant, however, "does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Despot v. Am. Income Life Ins. Co.*, No. 1:10-CV-932, 2012 WL 787387, at *1 (S.D. Ohio Mar. 9, 2012); *Gallant v. Holdren*, No. 1:15-CV-00383, 2018 WL 919875, at *2 (S.D. Ohio Feb. 15, 2018), *report and recommendation adopted*, No. 1:16-CV-383, 2018 WL 1535912 (S.D. Ohio Mar. 29, 2018).

Plaintiff moves the Court for a new Report and Recommendation. (ECF No. 33 at 1). Notably, Plaintiff seeks this request absent argument or authority. (*Id.*). Plaintiff also moves the

Court to Remove Defendants' counsel. (ECF No. 34 at 1). The Court will address these Motions in turn.

First, Plaintiff's Motion for a New Report and Recommendation is presented without argument and authority. Though it is unclear, this Court construes this Motion as a successive objection to the Report and Recommendation.[1] Plaintiff's objections have been considered and rejected in this Court's previous Order. (*See* ECF No. 37, Opinion and Order). Accordingly, this Motion (ECF No. 33) is **DENIED**.

Similarly, Plaintiff's Motion to Remove Counsel (ECF No. 34) lacks merit. "When adjudicating a Motion to Disqualify the Office of the Attorney General, "[a]bsent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, [a] Court has no power to prevent the Attorney General from representing defendants and plaintiffs have no standing to challenge that representation." *Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 WL 209919, at *1 (E.D. Mich. Jan. 24, 2007), *aff'd*, No. CIV 06-10961, 2007 WL 909578 (E.D. Mich. Mar. 23, 2007) (citing *O'Connor v. Jones*, 946 F.2d 1395, 1399-1400 (8th Cir. 1991)); *Manchester v. Rzewinicki*, 777 F.Supp. 319, 325, 328 (D. Del. 1991), aff'd, 958 F.2d 364 (3d Cir. 1992); 7 Am. Jur. 2d Attorney General § 24 (1997) ("It is generally acknowledged that the attorney general is the proper party to determine the necessity and advisability ... of defending actions against the state or its officials [.]").

Here, Plaintiff identifies no valid reason to remove the Attorney General as counsel for Defendants. Mr. Hall "marshals neither law nor fact that would lead this Court to conclude that there is a reasonable possibility that some specifically identifiable impropriety accompanied the

---

[1] Though it is possible that Plaintiff was intending to file a Motion for Reconsideration directed to the Magistrate Judge, this Motion became Moot once this Court ruled on the underlying Report and Recommendation. If that is what he intended that Motion is **DENIED AS MOOT**.

Ohio Attorney General's representation of the State Defendants." *Wellman*, 2018 WL 1315016, at *2. Though he alleges that Defendants made false and misleading representations in its briefing, he has offered no support for these assertions. To the extent he intends to accuse the Attorney General of conspiring with Defendants to unlawfully extend his sentence, this too is lodged without support. As this Court has concluded, "under such circumstances, 'the Court will not disqualify a party's chosen counsel.'" *Id.* (citing *Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00400, 2010 WL 1610818, at *2 (S.D. Ohio Apr. 20, 2010)). Indeed, if it were otherwise, "it would be all too easy for opposing parties to harass each other." *Id.* (citing *Crosky*, 2010 WL 1610818, at *2 and *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)). Because Plaintiff has not satisfied the standard required for the Court to disqualify the Attorney General's Office, his Motion (ECF No. 34) is **DENIED**.

For the reasons articulated above, this Court **DENIES** Plaintiff's Request for a New Report and Recommendation (ECF No. 33); and **DENIES** Plaintiff's Motion to Disqualify the Attorney General's Office (ECF. 34).

**IT IS SO ORDERED.**

                                                                         _____
                                                                         **ALGENON L. MARBLEY
                                                                         CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 19, 2022**