IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | Case No. 2:21-cv-01135 |
| Plaintiff, | Chief Judge Algenon L. Marbley |
| vs. | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS SMITH, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS

This matter is before the undersigned on Plaintiff's Motion for Extension of Time for Leave to Amend Plaintiff's Complaint (Doc. 38) and Motion for Leave to File Amended Complaint (Doc. 39). Plaintiff's Motion for Extension is **GRANTED**. For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave be **DENIED**.

I.   **BACKGROUND**

Plaintiff, a *pro se* prisoner currently incarcerated at North Central Correctional Complex ("NCCC"), filed this civil rights action against the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith; Deputy Director of ODRC's Division of Parole and Community Service, Cynthia Mausser; former ODRC Ohio Parole Board Member Jim Bedra; and John Does, unknown Parole Members, Board Members, or other officials. (Doc. 1).

1

Plaintiff is currently serving a prison sentence of twenty-six years to life for murder and felonious assault. (Doc. 20 at 2.) He was convicted of felonious assault while on parole in 1992 and was sentenced to a term of eleven to fifteen years, which was aggregated with his earlier murder conviction. (Doc. 1 at 21.) Plaintiff states that since his parole was revoked in 1992, he has been denied parole sixteen times. (*Id*. at 15.) In this case, Plaintiff alleges that he was denied parole under racist parole guidelines and due to retaliation for filing prior lawsuits. (*Id*. at 13.) He also alleges that Defendants unlawfully applied changing parole guidelines and statutes in violation of the *ex post facto* clause of the Constitution. (*Id*. at 15.)

Defendants previously moved to dismiss the Complaint and the Court granted most of that Motion. Specifically, the Court dismissed all claims against Defendants in their official capacity; all due process claims; all equal protection claims; all retaliation claims; all claims against Defendant Bedra; and most of his *ex post facto* claims relating to changed parole guidelines. (Doc. 37 at PageID 247.) The sole remaining claim is an *ex post facto* claim relating to the parole guideline that changed in May 2019, which is the only *ex post facto* claim asserted within the two-year statute of limitations. (Doc. 26).

Plaintiff now seeks to amend his Complaint to add a claim for false imprisonment. Specifically, he argues that he "will demonstrate his conviction and sentence on felonious assault expired in July of 2006, and his parole on his murder conviction and sentence has not been revoked leaving no colorable reason(s) for his confinement." (Doc. 39 at PageID 250). Defendants have opposed the Motion for Leave. (Doc. 42).

2

## II. LAW AND ANALYSIS

### A. Legal Standard For Fed. R. Civ. P. 15 Motions to Amend

Federal Rule of Civil Procedure 15(a) governs a plaintiff's ability to amend the complaint. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, then he must obtain written consent of the opposing party or leave of Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Rule 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted, *Foman v. Davis*, 371 U.S. 178 (1962), and this Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

### B. Legal Standard For Fourth Amendment Claim For False Imprisonment

As Defendants point out, Ohio law bars Plaintiff from asserting a state-law claim for false imprisonment against them before he files suit in the Ohio Claims Court and litigates the issue of Defendants' entitlement to qualified immunity. *See* Ohio Rev. Code

3

§ 2743.02(F). The Court will therefore construe Plaintiff's false imprisonment claim as a federal claim brought under 42 U.S.C. § 1983 and the Fourth Amendment.

The Fourth Amendment to the United States Constitution guarantees that individuals will "be arrested only upon probable cause." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 579-80 (6th Cir. 2003). "Claims of false arrest and false imprisonment under Section 1983 overlap, with false arrest being a species of false imprisonment." *Kanu v. City of Cincinnati*, No. 1:19-cv-156, 2021 U.S. Dist. LEXIS 37293, *22 (S.D. Ohio Mar. 1, 2021) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). False imprisonment is "detention without legal process" and "necessarily ends when the individual becomes held pursuant to legal process," such as being indicted. *Id*. at *22-23. To plead and prove a cause of action for false imprisonment in violation of the Fourth Amendment, a plaintiff must show that he was detained without legal process. *Id*. at *23.

### C. Plaintiff's Proposed False Imprisonment Claim Is Futile Because It Is Barred By The Applicable Two-Year Statute Of Limitations

Plaintiff's federal false imprisonment claim is time-barred by the two-year statute of limitations that applies to claims brought in Ohio federal courts under Section 1983. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (citing Ohio Rev. Code § 2305.10). A claim under Section 1983 accrues when the plaintiff knows or should know of the injury that gives rise to it. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). The Court determines the accrual date by "look[ing] to what event should have alerted the typical lay person to protect his or her rights." *Edison v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (internal quotations and citation omitted).

4

Here, Plaintiff alleges that "his conviction and sentence on felonious assault expired in July of 2006, and his parole on his murder conviction and sentence has not been revoked leaving no colorable reason(s) for his confinement." (Doc. 39 at PageID 250). Because Plaintiff should have known of this claim in July 2006, the two-year statute of limitations began to run at that time and expired in July 2008. This claim is therefore time-barred and would be dismissed on that basis if it were asserted. Since it would be futile to allow Plaintiff to amend his Complaint to add this claim, the undersigned recommends that his request for leave be denied with prejudice.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Extension (Doc. 38) is **GRANTED**. Further, the undersigned RECOMMENDS that Plaintiff's Motion for Leave (Doc. 39) be **DENIED** with prejudice.

**IT IS SO ORDERED.**

 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).