# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALL, | : | |
| Plaintiff, | : | Case No. 2:21-cv-01135 |
| v. | : | Chief Judge Algenon L. Marbley |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the court on Magistrate Judge Caroline H. Gentry's Report and Recommendation (ECF No. 45), which recommended that this Court deny Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 39). For the reasons set forth more fully below, this Court **OVERRULES** Plaintiff's Objections (ECF No. 46) and **ADOPTS WITH MODIFICATIONS** the Magistrate Judge's Report and Recommendation (ECF No. 45). Plaintiff's motion for leave is **DENIED**.

### I.  BACKGROUND

Plaintiff David Hall is an inmate at North Central Correctional Complex ("NCCC"), serving a prison sentence of twenty-six (26) years to life for murder and felonious assault. (R. & R. at 1, 2, ECF No. 45) (citing Defs.' Reply Br. at 2, ECF No. 20). Proceeding without the assistance of counsel, Hall brings this civil rights action against: Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Cynthia Mausser, the Deputy Director of ODRC's Division of Parole and Community Service; Jim Bedra, a former member of the ODRC Parole Board; and John Does, unknown Parole Board members and other officials. (*See generally* Compl., ECF No. 1).

Hall was convicted in 1992 of felonious assault while on parole. For the felonious assault, he was sentenced to a term of eleven (11) to fifteen (15) years, aggregated with his earlier murder sentence of 26 years to life. (*See* R. & R. at 2, ECF No. 45). Since 1992, he has been denied parole sixteen times. (*Id.*). His suit alleges that the parole guidelines are racist, that he has suffered from retaliation for prior lawsuits, and that Defendants have violated the *ex post facto* clause of the Constitution in changing parole guidelines and statutes. (*Id.*).

All but one claim (the *ex post facto* claim relating to the parole guideline changed in May 2019) was dismissed by this Court on March 31, 2022. (*See* Order, ECF No. 37). Hall now seeks to amend his Complaint to add a claim for false imprisonment, on the basis that his sentence for felonious conviction ended in July 2006 and his continued imprisonment since then has been unlawful. (*See* R. & R. at 2, ECF No. 45). Defendants oppose Hall's request for leave. The Magistrate Judge recommended denying Hall's motion for leave, to which Hall timely objected. The matter is now ripe for review.

## II. STANDARD OF REVIEW

If a party objects within 14 days to the Magistrate Judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted). When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report, [which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  LAW & ANALYSIS

Pursuant to Fed. R. Civ. P. 15(a), a plaintiff may amend her complaint once as a matter of course within 21 days of service or, after the 21-day period has expired, with the written consent of the opposing party or by leave of Court. Here, Defendants have not consented to Hall's motion for leave. Thus, Hall's desired amendment must be authorized by the Court, which retains broad discretion to grant or deny a motion to amend and is instructed to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to be considered by the Court include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 U.S. 996, 1001 (6th Cir. 2005). An amended complaint is considered futile if the amended or added claims would not survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Doe v. Mich. State Univ.*, 989

3

F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

In the Report and Recommendation, Magistrate Judge Gentry recommended that the Court deny Hall's motion for leave to amend on the basis that amendment would be futile as time-barred. Because a claim of false imprisonment under state law must be filed first in the state Court of Claims, *see* Ohio Rev. Code § 2743.02(F), which Hall has not done, the Magistrate Judge analyzed his false amendment claim as a federal claim pursuant to 42 U.S.C. § 1983 and the Fourth Amendment.[1] Of course, "a prerequisite to bringing a § 1983 claim . . . is that it must be brought within the applicable statute of limitations period." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 829 (S.D. Ohio 2020). The length of the statute of limitations period is governed by state law—in Ohio, "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions . . . is contained in Ohio Rev. Code § 2305.10, which requires that all actions for bodily injury be filed within two years after their accrual," *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)—but federal law dictates when the period accrues or begins to run. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The accrual date is ordinarily determined by "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Edison v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). The Supreme Court has explained that, because "false imprisonment consists of

---

[1] One of Hall's objections is that he believes the false imprisonment claim sounds in the Fourteenth Amendment, rather than the Fourth Amendment; thus, he takes issue with Magistrate Judge Gentry's discussion of the Fourth Amendment in her Report and Recommendation, when it has not been mentioned in Hall's motion for leave. (*See* Obj. at 6–7, ECF No. 46). While it is true that the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the Fourteenth Amendment, claims pursuant to § 1983 must allege the deprivation of a right, privilege, or immunity secured by the Constitution or federal laws. *See* 42 U.S.C. § 1983. For a claim of false imprisonment, that right sounds in the Fourth Amendment, *see Wallace*, 549 U.S. at 386, which is why the Magistrate Judge analyzed Hall's false imprisonment claim through the lens of the Fourth Amendment.

detention without legal process," *Wallace*, 549 U.S. at 389, it does not end when the prisoner is released from custody but "much earlier, when legal process was initiated against him." *Id.* at 390. Once legal process is initiated, the prisoner's injury is transformed into a claim of malicious prosecution, "which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* (emphasis in original) (citations omitted). Thus, a § 1983 claim of false imprisonment accrues, and the statute of limitations period begins to run barring any tolling events, when the alleged false imprisonment ends—that is, when legal process is initiated and the plaintiff is held pursuant to that process. *Id.* at 389.

Here, Magistrate Judge Gentry noted that Hall should have known of his false imprisonment claim in July 2006, when he alleges that his prison sentence for the felonious assault conviction expired; as such, the statute of limitations for his claim expired in July 2008. (*See* R. & R. at 5, ECF No. 45). Hall disagrees, arguing that his false imprisonment has not yet ended because he is still detained, and thus that his claim has not accrued, even though he has been aware that he is falsely imprisoned for 16 years. (*See* Obj. at 3, ECF No. 46) (citing *Wallace*, 549 U.S. at 388).

In keeping with the liberal construction afforded to *pro se* litigants, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting that pleadings from *pro se* litigants are subject to "less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed" (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004))), the Court understands Hall's Objection as arguing that his claim is more properly construed as an overdetention claim— i.e., that he continued to be detained even after his jail term expired—rather than as a typical false imprisonment claim, which entails detention from a false arrest. *See, e.g.*, *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 563 (9th Cir. 2001); *Rhoades v. Tilley*, 2022 WL 684576, at *2 (6th Cir.

Mar. 8, 2022). After all, the crux of Hall's allegations is that he is still imprisoned even though his sentence for the felonious assault conviction ended; at no point was he subject to further legal process. Thus, his claim is not time-barred because he has not been subject to legal process after the end of his felonious assault sentence, which would have ended his alleged false imprisonment and triggered the statute of limitations period. *See Wallace*, 549 U.S. at 389 ("Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." (internal quotation marks and citations omitted)).

Of course, he was not released after that sentence ended because of his additional sentence for murder, which included an indefinite term. *See Offender Details: David Hall*, OHIO DEP'T OF REHAB. & CORR., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A256570. Prior to 1996, under the previous version of Ohio Rev. Code § 2929.41(B), "sentences for crimes committed while on parole [had to] be served consecutively to sentences committed before the parole violation." *Davis v. Ohio Dep't of Rehab. & Corr.*, 2014-Ohio-4589, ¶ 15, 2014 WL 506848, at *3 (Ohio Ct. App. Oct. 16, 2014) (alteration in original) (quoting *State ex rel. Thompson v. Kelly*, 137 Ohio St.3d 32, 2013-Ohio-2444, ¶ 8, 997 N.E.2d 498, 499 (Ohio 2013)). In other words, a crime committed on parole would typically reinstate the earlier sentence (i.e., the new sentence is "aggregated" with the previous sentence); if the earlier sentence had an indefinite term while the new crime carried a definite term, "the prisoner must serve the definite term first, followed by the indefinite term." *Id.* (internal citations omitted). And this appears to be what happened in Hall's case: his prior sentence for murder was aggregated with his sentence for felonious assault, with the indefinite sentence tolled pending the duration of the definite sentence. (*See* Ex. 2 to Am. Compl., ECF No. 39-3 at 6, 7). Thus, Hall remains in prison not because he has

6

been unlawfully held over from his definite sentence for felonious assault, but pursuant to the indefinite sentence for murder. (*See* Obj. at 4–5, ECF No. 46).

Hall suggests that the murder sentence is inapplicable because he never had a revocation hearing prior. He recounts that he was returned to prison on May 5, 1992, for the felonious assault conviction and had to wait until December of that year to speak to officers of the Parole Board, who asked him to waive his right to a revocation hearing. (*See* Am. Compl. at 2, ECF No. 39-3). When he refused to waive his right, the Parole Board allegedly revoked his parole anyway and aggregated his sentences without a hearing. (*Id.*). Ohio law does not require an individual hearing for the revocation of parole based on a subsequent conviction; instead, that authority is placed in the discretion of the Ohio Adult Parole Authority ("OAPA"). *See Kellogg v. Shoemaker*, 46 F.3d 503, 507 (6th Cir. 1995). Prior to September 1, 1992, the implementing regulations issued by OAPA mandated that all parolees be given a "meaningful" hearing prior to the revocation of parole—including to parolees who had been convicted for a new crime (though with a presumption that they had violated parole). *See id.* at 505. That changed after September 1, 1992, when new OAPA regulations no longer required a hearing if the parolee was convicted of a new crime by an Ohio court. *Id.* at 506. The new regulations, however, did not apply to any parolee who had committed her initial crime prior to September 1, 1992. *See id.* at 510. Thus, the new regulations would not have applied to Hall, because his crimes occurred before the new regulations were enacted; under the old regulations, "a parolee convicted of a subsequent crime is entitled to a parole revocation hearing if he requests it." *Moss v. Patterson*, 555 F.2d 137, 139 (6th Cir. 1977); *see also Morrissey v. Brewer*, 408 U.S. 471, 480–82 (1972).

But, while Hall's allegations of being denied a revocation hearing may support a claim for a violation of due process, they provide no basis for a claim of false imprisonment (or for

7

overdetention); the two sentences were indisputably aggregated by the parole authorities, as Hall himself concedes—thus requiring Hall serve his indefinite sentence after the conclusion of his definite sentence in 2006.  As he is being held pursuant to his conviction for murder, permitting amendment to add the false imprisonment claim would be futile.

### IV.   CONCLUSION

Accordingly, Plaintiff's Objection (ECF No. 46) is **OVERRULED**.  This Court **ADOPTS WITH MODIFICATIONS** the Magistrate Judge's Report and Recommendation (ECF No. 45). Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

 

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 22, 2023**