IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | Case No. 2:21-cv-01135 |
| Plaintiff, | Chief Judge Algenon L. Marbley |
| vs. | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

## DECISION AND ORDER

This matter is before the undersigned Magistrate Judge on Plaintiff's Motion to Compel (Doc. No. 54).

All documents filed with the Court must comply with certain rules of form and procedure. Specifically, filings concerning discovery disputes must be accompanied by a certificate attesting that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Plaintiff's Motion to Compel (Doc. No. 54) does not comply with this requirement.

Although the Court has discretion to overlook minor deviations, "[a] plaintiff's status as a pro se litigant . . . does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Benzaoual v. Ohiohealth Corp.*, No. 2:19-CV-03366, 2021 WL 2712174, at *3–6 (S.D. Ohio 2021) (Marbley, D.J.) (internal citation omitted). Despite the leniency afforded to *pro se*

litigants, Plaintiff's failure to include a good-faith certification is therefore fatal. *See, e.g.*, *Woodard v. Winters*, No. 2:16-CV-00704, 2017 WL 3872594, at *2-3 (S.D. Ohio 2017) (Vascura, M.J.) (collecting cases to the effect that a *pro se* plaintiff's motion to compel should be denied for failing to include a Rule 37(a)(1) good-faith certification).

Accordingly, Plaintiff's Motion to Compel (Doc. No. 54) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his Motion if his good-faith efforts to resolve this dispute informally with Defendants are unavailing and if he complies with Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1.

**IT IS SO ORDERED**.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned

District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)