IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALL, | : | |
| Plaintiff, | : | Case No. 2:21-cv-01135 |
| v. | : | Chief Judge Algenon L. Marbley |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| Defendants. | : | |

**ORDER**

This matter is before the Court on Plaintiff's motion (ECF No. 51), which bears no title but has been styled on the docket as a Motion for the Court to Address Issue of No Final Entry. On March 23, 2023, this Court issued an Order, adopting with modifications the February 1, 2023, Report and Recommendation issued by Magistrate Judge Gentry, and denying Plaintiff's request for leave to amend his complaint.  (*See* Order, ECF No. 45).  Plaintiff appealed that decision to the Sixth Circuit.  (*See* Notice of Appeal, ECF No. 48).  The Sixth Circuit promptly dismissed Plaintiff's appeal for lack of jurisdiction, because there has not been an "entry of final judgment" in this matter and the appeal implicates an interlocutory order.  (*See* Order of U.S. Court of Appeals at 1, ECF No. 50) (citing *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992)).

A final order refers to a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988).  Once the Court (or a jury) decides the case, the Court then enters judgment—*i.e.*, records the final decision.  Fed. R. Civ. P. 36.  There has not yet been a final judgment in this matter, because Plaintiff's *ex post facto* claim relating to the parole guideline that changed in

May 2019 remains; no final decision has been issued granting or denying that claim. (*See* R. & R., ECF No. 26; Order, ECF No. 37).

It is not entirely clear from Plaintiff's motion what relief he requests from this Court. He suggests that there is a conflict between the Sixth Circuit's rationale (*i.e.*, that it lacks jurisdiction because this Court has not entered judgment) and this Court's prior decisions, which he asserts dismissed all claims and were therefore final. (*See* Mot. at 1, ECF No. 51). That, however, is an inaccurate summary of the case, because this Court has not in fact dismissed all claims. Thus, to the extent that his motion asks this Court to enter a final judgment, the motion is **DENIED** because the Court cannot do so until his *ex post facto* claim—which has not been dismissed—is resolved. Once this matter runs its course and this Court grants or denies that claim, Plaintiff can appeal the final judgment, including any interlocutory (non-final) rulings and orders such as the denial of his motion for leave to amend. *See McLaurin v. Fischer*, 768 F.2d 98, 101–02 (6th Cir. 1985) (collecting cases). But, at the present time, there is no conflict for this Court to address or resolve.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 30, 2023**