IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | Case No. 2:21-cv-01135 |
| Plaintiff, | Chief Judge Algenon L. Marbley |
| vs. | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

# ORDER AND REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, an Ohio inmate proceeding without the assistance of counsel, initially brought multiple claims against state officials arising from his incarceration on state charges and repeated denials of parole. (Complaint, Doc. No. 1.) Following screening, the Court permitted Plaintiff to proceed solely with respect to his claim that an amendment to Section 2967.193 of the Ohio Revised Code violates the constitutional prohibition on *ex post facto* laws by depriving him of earned "good time" credit. (Report and Recommendation and Order, Doc. No. 26; Opinion & Order, Doc. No. 37.) This matter is now before the Court on Plaintiff's First Motion to Compel (Doc. No. 56); Defendants' Motion for Summary Judgment (Doc. No. 61); Plaintiff's Motion to Strike (Doc. No. 63); Plaintiff's Motion to Supplement (Doc. No. 69); Plaintiff's Second Motion to Compel (Doc. No. 70); and Plaintiff's Motion to Take Judicial Notice (Doc. No. 73). For the reasons set forth below, the undersigned Magistrate Judge grants Plaintiff's Motion to Supplement, grants in part

1

and denies in part Plaintiff's Motion to Strike, denies Plaintiff's Motions to Compel and Motion to Take Judicial Notice, and recommends that the Court grant Defendants' Motion for Summary Judgment.

I.      **PLAINTIFF'S MOTIONS TO COMPEL (DOC. NOS. 56 & 70)**

Plaintiff filed documents captioned "Motion to Compel" on September 5, 2023 ("First Motion to Compel," Doc. No. 56) and June 17, 2024 ("Second Motion to Compel," Doc. No. 70). Because the two Motions are virtually identical,[1] the undersigned will consider them together and cite only to the First Motion to Compel.

Plaintiff seeks an order requiring Defendants "to answer/respond in a proper manner to the production of documents that Plaintiff has requested . . . back [on] June 30, 2023." (*Id*. at PageID 346.) Specifically, Plaintiff asserts that, despite his good-faith efforts to informally resolve discovery disputes with opposing counsel, Defendants failed to produce either "written minutes of Plaintiff's alleged revocation hearing held on December 15, 1992," or "a certif[ied] copy of the allege[d] sentencing entry . . . signed by the judge and certif[ied] by the Cuyahoga [County] Clerk of Courts." (*Id*. at PageID 346-47.) He further asserts that although Defendants produced some documents related to his 1992 parole revocation proceedings, those documents were improperly redacted. (*Id*.)

As Defendants correctly note, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Furay v.*

---

[1] Plaintiff's Second Motion to Compel merely contains two short sentences not found in Plaintiff's First Motion to Compel: (1) "Also under Public Records Act R.C. [§] 149.011(G), which no exception applied" (Doc. No. 70, PageID 435); and (2) "Plaintiff also filed a Motion to []Supplement (ECF DOC. 63[)] with Additional Authority, which no response from the Defendant, about the "seal" not being on the sworn Affidavit" (*id*. at PageID 436). These brief additions do not affect the undersigned's analysis.

2

*LVNV Funding, LLC*, No. 2:12-CV-01048, 2013 WL 12123867 at *1 (S.D. Ohio Aug. 5, 2013) (McKann King, M.J) (internal citations omitted). To be relevant, information must have some bearing on "the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Here, the only claim remaining before the Court is Plaintiff's assertion that the application of Ohio Rev. Code § 2967.193 to his sentence unlawfully prolongs his incarceration. (*Id*. at PageID 184.) Plaintiff has not shown that any of the materials whose production he seeks to compel are relevant to this claim. To the contrary, he argues:

> [T]he reason that Plaintiff had requested . . . the minutes/documents of the alleged hearing and sentencing entry . . . [was to] prove that [those] documents don't exist[,] nor did Plaintiff sign a waiver [of] his revocation hearing. The Defendants [have] used [a] sham legal process to keep Plaintiff confined beyond his sentence . . . [A]t no time did Plaintiff sign [the waiver] form[v] leaving no colorable reason for his confinement under [Ohio Rev. Code.] § 2967.15(B), ***under the old law that was in effect . . . back in April of 1992***.

(Reply, Doc. No. 58, PageID 369 (emphasis added).)

This Court has already rejected Plaintiff's "attempt[s] . . . decades later" to relitigate his underlying sentence and the 1992 parole revocation proceedings. (Doc. No. 26, PageID 178.) Because those claims were dismissed, the Court will not compel Defendants to produce documents relating to them. Accordingly, Plaintiff's First Motion to Compel (Doc. No. 56) and Second Motion to Compel (Doc. No. 70) are **DENIED**.

## II. PLAINTIFF'S MOTION TO STRIKE (DOC. NO. 63) AND MOTION TO SUPPLEMENT (DOC. NO. 69)

Defendants filed a Motion for Summary Judgment (Doc. No. 61) supported by a single exhibit (Doc. No. 61-1.) That exhibit is a Memorandum from Carla Black, a Correctional Records Sentence Computation Auditor with the Ohio Department of

3

Rehabilitation and Correction ("ODRC" or "DRC"), to Cynthia Dummermuth, a paralegal with the Office of the Ohio Attorney General. (*Id*. at PageID 390.) The Memorandum is authenticated by a sworn Affidavit executed by Ms. Black, who states that she "prepared the attached calculation of sentence for [Plaintiff] from DRC records in response to a request from the Attorney General's Office." (*Id*. at PageID 391.) The undersigned will consider all of Ms. Black's proffered statements in the Memorandum to be offered as part of a sworn affidavit in support of a motion for summary judgment.

In his Motion to Strike (Doc. No. 63), Plaintiff asks the Court to strike Ms. Black's Memorandum and Affidavit from the record. After Defendants filed a Response in Opposition (Doc. No. 68), Plaintiff filed a document titled Motion to Supplement With Additional Authority ("Motion to Supplement," Doc. No. 69.) Because that document responded to the arguments raised in Defendants' Response in Opposition (Doc. No. 68), it is functionally a reply memorandum that is permitted by local rule. *See* S.D. Ohio Civ. R. 7.2(a)(2). And because it is postmarked on December 20 (Envelope, Doc. No. 69-1), that reply is timely. *Compare id*. *with, e.g.*, *Thompson v. Chandler*, 36 F. App'x 783, 784-85 (6th Cir. 2002) (prisoner's pleadings are deemed filed on the day they are placed in prison mailbox). Therefore, Plaintiff's Motion to Supplement is **GRANTED**.

The Court now turns to the substance of Plaintiff's Motion to Strike (Doc. No. 63). Plaintiff argues that the documents that Defendants filed in support of their Motion for Summary Judgment violate Fed. R. Civ. P. 56(c)(4) because they set forth facts that are

4

beyond Ms. Black's personal knowledge and would not be admissible in evidence.[2] (*Id.* at PageID 394-95.) Defendants respond that "Ms. Black made the affidavit with personal knowledge per her position at the Ohio Bureau of Sentencing [Computation]." (Doc. No. 68, PageID 428.) Defendants also argue (incorrectly, as shall be seen) that the Court cannot strike Ms. Black's affidavit because "only pleadings may be struck." (*Id.*)

An affidavit used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Conclusions of law are inadmissible, *F.R.C. Int'l, Inc. v. U.S.*, 278 F.3d 641, 643 (6th Cir. 2002), as are statements made on belief. *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (internal quotations and citation omitted). Hearsay also may not be considered. *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006). For example, affiants "lack[] personal knowledge of information obtained from the depositions of others or during discovery." *Antunes v. Gerdau MacSteel, Inc.*, Case No. 22-1805, 2023 U.S. App. LEXIS 12152, *3 (6th Cir. May 13, 2023). And if an affiant bases her testimony on a review of business records, those records must be properly authenticated under the business records exception in Rule 803(6) of the Federal Rules of

---

[2] Plaintiff also argues that Ms. Black's affidavit should be stricken as inadmissible because it lacks the seal of the notary public who authenticated it. (Motion to Supplement, Doc. No. 69, PageID 431.) Plaintiff is correct that the affidavit is not stamped with the notary's seal, but he is incorrect in his assertion that this renders the notarization defective. This Court has previously recognized that "[c]ourts should not be hypertechnical when reviewing the requirements and details of [an] affidavit's execution, such as the presence of the stamp or seal of a notary." *Ferron c. VC E-Commerce Solutions*, No. 2:06-CV-00322, 2007 WL 295455, at *1, n.1 (S.D. Ohio Jan. 29, 2007) (Frost, D.J.) (citing 1 James Wm. Moore, *Moore's Federal Practice* § 56.14[1][b], at 56-158 (3d ed. 2006)). Substantial compliance with state notarization requirements is sufficient. *May v. McGrath*, No. 2:11-CV-00839, 2013 WL 141283, at *1 (S.D. Ohio Jan. 11, 2013) (Preston Deavers, M.J.) (absence of notary's name did not render notarization ineffective).

Evidence. *Fambrough v. Wal-Mart Stores, Inc.*, 611 F. App'x 322, 326 (6th Cir. 2015); *see Fink v. Ohio Health Corp.*, No. C-2-02-01146, 2004 WL 3511614, at *3 (S.D. Ohio Aug. 25, 2004) (striking affidavit containing information collected from personnel files).

If the Court finds that portions of an affidavit submitted to support or oppose a motion for summary judgment are admissible, and other portions are inadmissible, then it must admit the admissible portions and strike the inadmissible portions. *Ondo*, 795 F.3d at 605. If, however, the Court "cannot distinguish between admissible and inadmissible portions of an affidavit, it must strike the affidavit in its entirety." *Antunes*, 2023 U.S. App. LEXIS 12152, *6. Thus, the undersigned must consider the admissibility of each proffered statement in Ms. Black's Affidavit and Memorandum.

In the single paragraph of her Affidavit, Ms. Black states:

> Now comes Carla Black, who deposes and states that she is a Correction Records Sentence Computation Auditor for the Ohio Department of Rehabilitation and Correction. In that capacity, she states that she prepared the attached calculation of sentence for David Hall, #A256-570, from DRC records in response to a request from the Attorney General's Office.

(Affidavit, Doc. #61-1, PageID 391.) These statements are based on personal knowledge and will not be excluded.

Turning to Ms. Black's Memorandum, the first paragraph states: "Pursuant to your request for sentence computation information on the above noted [inmate], I can provide the following . . . ." (Memorandum, Doc. #61-1, PageID 390.) This statement is based on personal knowledge and will not be excluded.

The second paragraph of the Memorandum sets forth facts about Mr. Hall's criminal conviction, parole and incarceration between January 1975 and July 1990.

6

(Memorandum, Doc. #61-1, PageID 390.) Ms. Black apparently took these facts "from DRC records" (Affidavit, Doc. #61-1, PageID 391) that are neither identified nor authenticated. This paragraph is based on inadmissible hearsay and will be stricken. To the extent, however, that the facts in this paragraph are available from court records, the Court shall take judicial notice of them. *See Granader v. Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969) ("Federal courts may take judicial note [sic] of proceedings in other courts of record.").

The third paragraph of the Memorandum states:

[Mr. Hall] was again admitted to Prison on 5/6/1992 under A256570 to serve Cuyahoga County Case CR269798, convicted of Felonious Assault, with an 11–15-year sentence. This Felony was committed while on parole supervision and according to ORC 2929.41B must be served consecutively to the parole violation case. As a result, Mr. Hall's parole was revoked on 12/15/1992 and the files were aggregated.

(Memorandum, Doc. #61-1, PageID 390.) Again, Ms. Black apparently took these facts from DRC records that are neither identified nor authenticated. This paragraph is based on inadmissible hearsay and will be stricken. But to the extent that the facts in this paragraph are available from court records, the Court shall take judicial notice of them.

The fourth paragraph of the Memorandum states:

Mr. Law was not eligible for monthly earned credit under the House Bill 511 sentencing law, however, was eligible for good time pursuant to the law in effect when the offense was committed. Under [the] House Bill 261 sentencing law, Mr. Hall was eligible for monthly earned credit and eligible for good time which reduced his minimum sentence.

(Memorandum, Doc. #61-1, PageID 390.) It is unclear whether this paragraph contains factual statements based on Ms. Black's review of DRC records, a lay opinion under

7

Evidence Rule 701 based on Ms. Black's knowledge of Ohio sentencing laws, or both. To the extent that it is the former, then the paragraph is based on inadmissible hearsay. To the extent that it is the latter, then Ms. Black did not lay a sufficient foundation for the admission of lay opinion testimony. *See U.S. v. Kerley*, 784 F.3d 327, 337 (6th Cir. 2015) (permitting lay opinion testimony about business practices "if the witness's testimony derived from personal knowledge gained through participation in the business's day-to-day affairs"). For both of these reasons, this paragraph will be stricken.

The fifth paragraph of the Memorandum states: "Mr. Hall received 3 months and 13 days of lost time; However, he is serving a life sentence, so nothing changed." (Memorandum, Doc. #61-1, PageID 390.) The first sentence is apparently based on Ms. Black's review of DRC records and will be struck as inadmissible hearsay. The second sentence could be based on DRC records or could be Ms. Black's own lay opinion; either way, it is inadmissible and will be stricken. To the extent that these facts are available from court records, however, the Court will take judicial notice of them.

The sixth paragraph of the Memorandum states: "Mr. Hall has a Maximum sentence of Life. His next scheduled hearing before the Parole Board is 7/2024." (Memorandum, Doc. #61-1, PageID 390.) These statements are apparently based on Ms. Black's review of DRC records and will be struck as inadmissible hearsay. To the extent that these facts are available from court records, however, the Court will take judicial notice of them.

The seventh paragraph of the Memorandum states: "I hope this information has been helpful, please contact me with your questions." This statement is admissible.

Therefore, Plaintiff's Motion to Strike (Doc. No. 63) is **GRANTED IN PART AND DENIED IN PART**. The Court **STRIKES** the second, third, fourth, fifth and sixth paragraphs of the Memorandum (Doc. #61-1, PageID 390) and will not consider them when analyzing Defendants' Motion for Summary Judgment. The Court will, however, consider the excluded facts if it can take judicial notice of them from court records.

### III. PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE (DOC. NO. 73)

Plaintiff also filed a Motion to Take Judicial Notice Under Evid. R. 201(c) and (f) ("Motion to Take Judicial Notice," Doc. No. 73). Plaintiff asks the Court to take judicial notice of various purported "facts" regarding Ms. Black's Memorandum and Affidavit. For example, he speculates that Ms. Black forged the signature of the notary public who authenticated her affidavit. (Doc. No. 73, PageID 454.)

The Court cannot take judicial notice of Plaintiff's allegations. The Court may only take judicial notice of a fact "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (internal numbering omitted). Plaintiff's allegations regarding the documents signed by Ms. Black do not fall into any of these categories. Therefore, Plaintiff's Motion to Take Judicial Notice (Doc. No. 73) is **DENIED**.

### IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 61)

   A.   **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure permits parties to move for summary judgment on the claims or defenses in an action. Fed. R. Civ. P. 56(a). The

9

Court "shall grant summary judgment if the movant shows that there is no ***genuine dispute*** as to any ***material fact*** and the movant is entitled to judgment as a matter of law." *Id.* (emphasis added). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Id*.

The party claiming that a fact is either undisputed or genuinely disputed must support its assertion with citations to evidentiary materials (e.g., depositions, documents, affidavits, declarations, stipulations, admissions or interrogatory answers). Fed. R. Civ. P. 56(c)(1)(A). The Court may only consider ***admissible*** evidence, which does not include a party's unsworn statements. Fed. R. Civ. P. 56(c)(2) & (4); *Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 847 (6th Cir. 2010). "Unsubstantiated, self-serving assertions" are likewise insufficient. *Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 573 (6th Cir. 2018).

The party moving for summary judgment bears the initial burden of showing the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party meets this burden when it shows that the lack of evidence supporting an essential element of the non-moving party's case is so significant that "no reasonable jury could find for the nonmoving party." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 943 (6th Cir. 2022).

If the moving party meets its initial burden, then the non-moving party cannot rest on its pleadings, but instead must point to admissible evidence that creates a genuine

issue of material fact on each element of its claims or defenses. *Anderson*, 477 U.S. at 248-50; *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993). A plaintiff's *pro se* status does not relieve him of his burden to respond with admissible evidence. *Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010). The non-moving party must show that more than "a mere scintilla of evidence" supports the essential elements of its claims. *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011). A mere "metaphysical doubt" is insufficient. *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015). If the non-moving party does not properly support its assertions of fact or properly address the moving party's assertions of fact with admissible evidence, then the Court may consider the moving party's cited evidence to be undisputed. Fed. R. Civ. P. 56(e).

When ruling on a motion for summary judgment, the Court may not substitute its own judgment for that of a jury and decide a case on the merits. *Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 527 (6th Cir. 2018). Instead, the Court's role is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury," or whether the case "is so one-sided that the moving party must prevail as a matter of law." *Id.* (internal citations omitted). The Court is required to draw all reasonable inferences in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and may not make credibility judgments or weigh the evidence. *Alsbaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011).

  **B.**   **Statement of Facts and Analysis**

On January 20, 1975, a jury for the Cuyahoga County Court of Common Pleas convicted Plaintiff of Aggravated Murder in violation of O.R.C. § 2903.01. *State v. Hall*,

No. CR-74-016008 (Cuyahoga Cnty. Ct. C.P. Jan. 20, 1975). The court sentenced Plaintiff to a term of imprisonment of fifteen years to life. *State v. Hall*, No. CR-74-016008 (Cuyahoga Cnty. Ct. C.P. Jan. 20, 1975). On April 17, 1992, while on parole from that sentence, Plaintiff was again convicted by a jury for the Cuyahoga County Court of Common Pleas, this time of Felonious Assault in violation of O.R.C. § 2903.11. *State v. Hall*, No. CR-91-269798 (Cuyahoga Cnty. Ct. C.P. April 17, 1992.) The court sentenced Plaintiff to a term of imprisonment of eleven to fifteen years. *State v. Hall*, No. CR-91-269798 (Cuyahoga Cnty. Ct. C.P. April 30, 1992). In addition, Plaintiff's parole was revoked and his underlying sentence for murder was reinstated, to be served consecutive to his sentence for assault. (*See* Opinion & Order, Doc. No. 47, PageID 312.) Plaintiff has been imprisoned in the custody of the State of Ohio since that time.[3] (*See* Plaintiff's Response in Opposition, Doc. No. 64, PageID 404.)

Section 2967.193 of the Ohio Revised Code provides that a person imprisoned in a state correctional facility may earn days of credit towards their stated sentence by participating in certain programs or activities. This system, colloquially referred to as "good days" or "good time credit," was first enacted in 1987 and has been amended numerous times. *See Ohio Rev. Code Ann.* § 2967.193 (LexisNexis 2023-24). *See also Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (court may take judicial notice of law "to establish the factual context of the case, as opposed to . . . the governing

---

[3] Plaintiff also argues that the ODRC improperly applied his sentence and his continued imprisonment is illegal. (Response in Opposition, Doc. No. 64, PageID 403-09.) However, these allegations are not before the Court and the undersigned does not consider them. (*See* Opinion & Order, Doc. No. 37, PageID 240 (refusing to consider false-imprisonment claims not raised in Complaint); Opinion & Order, Doc. No. 47 (denying as futile Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 39) to include claims of false imprisonment or overdetention).)

law"); *Territory of Alaska v. Am. Can Company*, 358 U.S. 779, 783 (1959) (taking judicial notice of legislative history of a law). When Plaintiff's indefinite sentence for aggravated murder was reinstated in 1992, individuals serving terms for murder were not excluded from the good-days system. *See* H.B. 571, 120th Gen. Assembly Reg. Sess. (Ohio 1993). But in 2011, Section 2967.193(C) was amended to provide in relevant part: "No person confined in a state correctional institution to whom any of the following applies shall be awarded any days of credit under division (A) of this section: . . . (2) The person . . . is serving a prison term . . . for aggravated murder . . . " *See* H.B. 86, 129th Gen. Assembly Reg. Sess. (Ohio 2011).

Thus, Plaintiff correctly contends that his eligibility to earn good days credit was retroactively revoked by an amendment to O.R.C. § 2967.193. (*See* Complaint, Doc. No. 1, PageID 6.) However, the amendment in question was enacted on September 30, 2011 – more than nine years before Plaintiff commenced the instant action. The issue before the Court is whether Plaintiff's remaining *ex post facto* claims are time-barred.

The Sixth Circuit has held that "summary judgment on statute-of-limitations grounds . . . is appropriate if the limitations period has expired[] and there is no issue of material fact as to when the plaintiff's cause of action accrued." *Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014). Here, the challenged amendment became effective on September 30, 2011, and Plaintiff has neither argued nor offered evidence to show that his cause of action accrued at any other time. Therefore, as Defendants correctly argue, there is no genuine issue of fact as to when Plaintiff's cause of action accrued. (Defendants' Motion for Summary Judgment, Doc. No. 61, PageID 386-87.)

13

Furthermore, as the Court previously explained (Report and Recommendation and Order, Doc. No. 26, Page ID 178), the relevant limitation period for Plaintiff's claims is Ohio's two-year statute of limitations for personal injury actions. *See Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989). Plaintiff did not file his Complaint in this case until March 15, 2021. (Doc. No. 1) Accordingly, to the extent that Plaintiff's Section 1983 claims are based on the 2011 amendment, this Court has previously held that those claims are time-barred. (*See* Doc. No. 26, PageID 184-85 (finding Plaintiff barred from asserting any claims arising from pre-2019 amendments to Section 2967.13).)

Finally, while the Court has held that Plaintiff's *ex post facto* claims were timely to the extent that they challenged the 2019 amendment to Section 2967.193 (Doc. No. 26, Page ID 184-85), Defendants have explained that the 2019 amendment only affected the manner of calculating good-days reductions to certain indefinite sentences imposed **after** the amendment's effective date. (Defendants' Motion for Summary Judgment, Doc. No. 61, PageID 386-87 (citing S.B. 201, 132d Gen. Assembly Reg. Sess. (Ohio 2018).)) By its terms, this amendment did not affect Plaintiff because his sentences were imposed before 2019. (*Id.*) In addition, as Defendants point out, the version of Section 2967.193 that existed before the 2019 amendment made Plaintiff ineligible for **any** days of credit because he was convicted of aggravated murder. (*Id.*) For both reasons, Plaintiff's challenge to the 2019 amendment fails as a matter of law.

In sum, for the reasons stated, the undersigned finds that there is no genuine dispute as to any material fact with respect to Plaintiff's *ex post facto* claims based on the 2019 amendment to Section 2967.193. The undersigned therefore **RECOMMENDS** that

the Court **GRANT** Defendants' Motion for Summary Judgment (Doc. No. 61) and **DISMISS** all of Plaintiff's remaining claims **WITH PREJUDICE**.

V. **CONCLUSION**

In conclusion, the Court **ORDERS** as follows:

1. Plaintiff's First Motion to Compel (Doc. No. 56) is **DENIED**.

2. Plaintiff's Second Motion to Compel (Doc. No. 70) is **DENIED**.

3. Plaintiff's Motion to Strike (Doc. No. 63) is **GRANTED IN PART AND DENIED IN PART**. The Court **STRIKES** the second, third, fourth, fifth and sixth paragraphs of the Memorandum (Doc. #61-1, PageID 390) and will not consider them when analyzing Defendants' Motion for Summary Judgment.

4. Plaintiff's Motion to Supplement (Doc. No. 69) is **GRANTED**.

5. Plaintiff's Motion to Take Judicial Notice (Doc. No. 73) is **DENIED**.

Furthermore, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Doc. No. 61) be **GRANTED** and that the Court **DISMISS** Plaintiff's remaining claims **WITH PREJUDICE**.

**IT IS SO ORDERED AND RECOMMENDED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)