IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALL, | : | Case No. 2:21-cv-1135 |
| | : | |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before this Court on the Magistrate Judge's Order and Report and Recommendation ("R&R") (ECF No. 75), which disposed of several motions and recommended that this Court grant Defendants' Motion for Summary Judgment on the basis that Plaintiff's claim is time-barred. Plaintiff objected to the R&R (ECF No. 77), Defendants responded (ECF No. 78), and Plaintiff replied (ECF No. 79). For the reasons that follow, the R&R (ECF No. 75) is **ADOPTED** and Defendants' Motion for Summary Judgment (ECF No. 61) is **GRANTED**.

I. BACKGROUND

Plaintiff is an Ohio state prisoner, proceeding *pro se* in this civil rights action against various state officials. In 1975, Plaintiff was convicted of murder in the Cuyahoga County Court of Common Pleas and sentenced to a term of imprisonement of fifteen years to life. *See State v. Hall*, No. CR-74-16008 (Cuyahoga Cnty. Ct. C.P. Jan. 20, 1975). While on parole for that conviction, Plaintiff was convicted of felonious assault, this time receiving a sentence of eleven to fifteen years. *See State v. Hall*, CR-91-269798 (Cuyahoga Cnty. Ct. C.P. Apr. 17, 1992). As a result, Plaintiff's parole was revoked, and his original murder sentence was reinstated, to be served consecutively with his new sentence. (*See* ECF No. 47). He remains imprisoned today.

Plaintiff's Complaint alleged multiple claims arising from his incarceration and repeated parole denials. (ECF No. 1). But on Defendants' Motion to Dismiss, this Court limited Plaintiff's case solely to his claim that "an amendment to Section 2967.193 of the Ohio Revised Code violates the constitutional prohibition on *ex post facto* laws by depriving him of earned 'good time' credit." (ECF No. 75 (citing ECF Nos. 26, 37)). The relevant section of the Ohio Revised Code ("O.R.C.") governs the "good days" or "good time credit," which is a system that allows imprisoned people to earn days of credit to reduce their sentences by participating in certain programs or activities. *See* O.R.C. § 2967.193. In 1992, when Plaintiff's murder sentence was reinstated, the benefits of the "good time" system were available for individuals serving terms for murder. *See* H.B. 571, 120th Gen. Assembly Reg. Sess. (Ohio 1993). According to Defendants, Mr. Hall earned three months and thirteen days of "good time" credit while he was incarcerated. (ECF No. 61 at 3). But, in 2011, § 2967.193(C) was amended to exclude imprisoned people serving terms for murder and aggravated murder from receiving good time credit. *See* H.B. 86, 129th Gen. Assembly Reg. Sess. (Ohio 2011).

Not only did this Court narrow Plaintiff's lawsuit to only the "good credit," *ex post facto* claim, it also temporally limited that claim: because of Ohio's two-year statute of limitations for civil rights claims brought under 42 U.S.C. § 1983, this Court limited the remaining "good time" credit argument to harms arising from the March 22, 2019 amendments to the relevant statute, O.R.C. § 2967.193. (ECF No. 26). In other words, to prevail, Plaintiff must show that the 2019 amendments to O.R.C. § 2967.193 are the amendments that caused the retroactive elimination of his "good time" credits; otherwise, his claims are time-barred.

On October 31, 2024, Defendants moved for summary judgment on Plaintiff's remaining claim. (ECF No. 61). After considering the briefing, the Magistrate Judge authored an Order and

Report and Recommendations ("R&R"), addressing not only the Motion for Summary Judgment, but also several other motions filed by Plaintiff. (ECF No. 75). The Magistrate Judge exercised her authority to: deny Plaintiff's two Motions to Compel (ECF Nos. 56, 70) and Plaintiff's Motion to Take Judicial Notice (ECF No. 73); grant Plaintiff's Motion to Supplement (ECF No. 69); and grant in part and deny in part Plaintiff's Motion to Strike (ECF No. 63). The Magistrate Judge also recommended that this Court grant Defendants' Motion for Summary Judgment (ECF No. 61) and dismiss Plaintiff's remaining claim with prejudice. (*See* ECF No. 75 at 14-15). Plaintiff lodged Objections to the R&R (ECF No. 77), to which Defendants responded (ECF No. 78), and Plaintiff replied (ECF No. 79). The Motion for Summary Judgment is now ripe for review.

## II.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial when the record as a whole could not lead a rational trier of fact to find for the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriately entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a party moves for summary judgment, the evidence is viewed in the light most favorable to the

nonmoving party. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court ultimately asks, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52.

### III. LAW & ANALYSIS

Although Plaintiff's case rests on the theory that amendments to O.R.C. § 2967.193 retroactively and impermissibly revoked his eligibility to earn good time credits, (ECF No. 1), the issue at this juncture is whether Plaintiff's claims, however meritorious, are time-barred. Before turning to the timing issue, though, it is helpful to lay some statutory groundwork.

As explained above, the relevant provision of the Ohio Revised Code, § 2967.913, allows state prisoners to accrue days of "good time credit" towards their sentence by participating in certain programs and activities. The provision has been amended several times since it was first enacted in 1987. Prior to September 30, 2011, the statute only exempted individuals "serving a sentence of life imprisonment without parole" from being "awarded any days of credit." Ohio Rev. Code Ann. § 2967.193 (effective Jan. 1, 1997). On September 30, 2011, however, the provision was revised to exclude individuals fitting the following description from being awarded "good time" credits: "The person is sentenced to death or is serving a prison term or a term of life imprisonment for aggravated murder, murder, or a conspiracy or attempt to commit, or complicity in committing" the same. O.R.C. § 2967.193 (effective Sep. 30, 2011). The statute was revised again in 2012, 2015, 2017, and 2019, but the exclusion of individuals convicted of murder or aggravated murder remained in force. In 2019, the only substantive revision was the addition of the following language:

4

> (F) Days of credit awarded under this section shall be applied toward satisfaction of a person's stated prison term as follows:
>
> (1) Toward the definite prison term of a prisoner serving a definite prison term as a stated prison term;
>
> (2) Toward the minimum and maximum terms of a prisoner serving an indefinite prison term imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a felony of the first or second degree committed on or after the effective date of this amendment.

O.R.C. § 2967.193 (effective Mar. 22, 2019).

Based on the statute's evolution, the Magistrate Judge concluded that while Plaintiff is correct that "his eligibility to earn 'good time credit' was retroactively revoked by an amendment to O.R.C. § 2967.193," "the amendment in question was enacted on September 30, 2011 – more than nine years before Plaintiff commenced the instant action." (ECF No. 75 at 13). Because the "relevant limitation period for Plaintiff's claims is Ohio's two-year statute of limitations for personal injury actions," the Magistrate Judge concluded that Plaintiff's claims—which are plausibly predicated on the 2011 amendments—are time-barred. (*Id.* at 13-14).

Plaintiff filed six Objections to the Magistrate Judge's R&R, several of which are not relevant at this juncture. Objections 2, 3, and 4 pertain to claims that this Court long ago dismissed when it concluded that Plaintiff's "good time" credit claim was his only viable one. (ECF No. 26). These arguments are no longer properly before this Court.

With respect to Objection 1, Plaintiff asserts that the Government's briefs and the Magistrate Judge's R&R incorrectly state that he was convicted of aggravated murder, as opposed to second-degree murder. (ECF No. 77 at 2). This Court understands the personal importance of this clarification to Mr. Hall. But the distinction is not relevant to the legal arguments in this case: the statute that Plaintiff finds objectionable applies with equal force to people convicted of murder and people convicted of aggravated murder. O.R.C. § 2967.193 (effective Sep. 30, 2011)

5

(excluding people "serving a prison term or a term of life imprisonment for aggravated murder, murder . . ."). Because the issue is ultimately irrelevant to the disposition of this case, this Court declines to resolve it conclusively here.[1]

Turning to Objection 5, Plaintiff simply argues that the Ohio Department of Rehabilitation and Corrections has no authority to apply a law that was not in effect when he was convicted. (ECF No. 77 at 3). In other words, he argues that applying the amendments to § 2967.193 to him violates the Constitution's prohibition on *ex post facto* laws. Mr. Hall fails to grapple, however, with the Magistrate Judge's conclusion that he simply filed his lawsuit too late.

Because "summary judgment on statute-of-limitations grounds . . . is appropriate" when "the limitations period has expired[] and there is no issue of material fact as to when the plaintiff's cause of action accrued," *Panzica v. Corr. Corp. of Am.*, 559 F.App'x 461, 463 (6th Cir. 2014), summary judgment is appropriate here. A statute of limitations is a law, or part of a law, that specifies the maximum amount of time that a party has to file suit after his or her cause of action accrues. *See In re Behr Dayton Thermal Prods., LLC Litig.*, CITE (S.D. Ohio Aug. 6, 2012). The relevant amount of time here is not in dispute. "The statute of limitations applicable to a § 1983 action is determined by state law," *Panzica*, 559 F. App'x at 463, and as the Magistrate Judge explained at the Motion to Dismiss stage, and again in the R&R, "the relevant limitations period for Plaintiff's claims is Ohio's two-year statute of limitations for personal injury actions." (ECF

---

[1] Even if this Court were to reach the issue, the record is unclear. With his objections, Mr. Hall submitted a "Certified Copy of Sentence" from the Cuyahoga County Court of Common Pleas. (ECF No. 77 at 6). It states that while Mr. Hall was indicted for "Aggravated Murder R.C. 2903.01," he was "found guilty by the jury of Purposeful Murder R.C. 2903.02." (*Id.*). The Cuyahoga County Court of Common Pleas online docket, however, is less clear. The entries for Mr. Hall's conviction read as follows: "CHARGE: 0340 AGGRAVATED MURDER / DISPOSITION: BY JURY GUILTY." *State v. Hall*, No. CR-74-016008 (Cuyahoa Cnty. Ct. C.P. Jan. 20, 1975).

No. 75 at 14 (citing *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) ("[W]e hold that the two-year limitations period . . . is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983.")).

Nor has Mr. Hall shown any material issue of fact with respect to the time when his claim accrued or, in other words, when that two-year clock began to run. A claim generally accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Panzica*, 559 F. App'x at 463 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). The amendment that aligns most closely with the harms Mr. Hall alleges went into effect on September 30, 2011.[2] And as the Magistrate Judge pointed out, "Plaintiff has neither argued nor offered evidence to show that his cause of action accrued at any other time." (ECF No. 75 at 13). Mr. Hall did not file his lawsuit until 2021, some ten years after the amendment went into effect (ECF No. 1), and a court cannot reach the merits of claims that are time-barred, *Peoples v. Jackson*, 2007 WL 852229, at *5 (S.D. Ohio Mar. 19, 2007).

Based on the date of Mr. Hall's filing, only the 2019 amendment is actionable. (*See* ECF No. 26 at 12-13). But Mr. Hall has not shown how the 2019 amendment, which pertains to how "[d]ays of credit awarded . . . shall be applied" to definite sentences and to indefinite sentences

---

[2] It is not clear to this Court that the 2011 amendment does indeed retroactively deprive Mr. Hall of his already-earned credits; it likely only deprives him of the opportunity to be "awarded" credits after its effective date. And it is worth noting that the Department of Rehabilitations and Corrections appears to share this view. Although the relevant statement was stricken by the Magistrate Judge, and therefore not considered as evidence, Defendants submitted a memorandum with their Motion in which Ms. Carla Black, a Correction Records Sentence Computation Auditor, explains her view that Mr. Hall theoretically received his already-earned three months and thirteen days of credit; he simply did not receive the *benefit* of it, because when his second sentence was aggregated with his first, Mr. Hall's maximum sentence became life in prison. (ECF No 61-1). And, presumably, a maximum term of life cannot be reduced in terms of years. No part of this Court's analysis, however, rests on this stricken statement.

(like Mr. Hall's) for crimes committed *after March 22, 2019* (unlike Mr. Hall's), deprives him of eligibility to earn or redeem credits.  This Court cannot see how he could.

Finally, Objection 6, although difficult to parse, pertains to Plaintiff's Motion to Take Judicial Notice (ECF No. 73), which the Magistrate Judge denied (ECF No. 75 at 9).  Plaintiff asked this Court to take judicial notice of certain "adjudicative facts" regarding a memorandum and affidavit appended to Defendants' Motion for Summary Judgment.  (ECF No. 73).  Because this Court concludes that Plaintiff's claim is time-barred, no matter how Plaintiff's Motion to Take Judicial Notice was resolved, this Court need not reach the merits of this Objection.

## IV. CONCLUSION

For the foregoing reasons, the R&R (ECF No. 75) is **ADOPTED** and Plaintiff's Objections (ECF No. 77) are **OVERRULED**.  Defendants' Motion for Summary Judgment (ECF No. 61) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  This case is hereby **CLOSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  September 13, 2024**

8